EX PARTE B. E. EPPERSON.

No. 24782. March 15, 1950.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Relator presents to the court of criminal appeals an application for a writ of habeas corpus. The clerk of said court was directed to file said application and submit same in order that the court might determine whether the writ should issue.

Relator alleges that he is being illegally restrained of his liberty by the warden of the State Prison System as the result of convictions in two cases of forgery in Ector County, Texas, being on the docket in said trial court numbers 940 and 941. Said convictions occurred in April, 1947, from which there was no appeal. Some two years later application was made to this court for a writ of habeas corpus based solely upon the ground that relator had no attorney, and that the trial judge had refused to appoint an attorney to represent him. The writ was refused. See Ex part Epperson, 153 Tex. Crim. Rep. 578, 222 S. W. (2d) 790.

We call attention to the following articles of our Code of Criminal Procedure. Article 171 reads: "A party may obtain the writ of habeas corpus a second time by stating in application therefor that since the hearing of his first application important testimony has been obtained which it was not in his power to produce at the former hearing. He shall also set forth the testimony so newly discovered; and, if it be that of a witness, the affidavit of the witness shall also accompany such application."

Article 860 reads: "The judgment of the Court of Criminal Appeals in appeals under habeas corpus shall be final and conclusive; and no further application in the same case can be made for the writ, except in cases specially provided for by law."

In the present application for a second writ of habeas corpus no pretense is made to comply with the statutes quoted, and the writ might well be refused on said ground, but after a careful examination of relator's petition it appears entirely without merit on another ground. It is based upon the complaint that the "sentences" in the two cases mentioned are uncertain and indefinite as to the penalty assessed in that it is recited in the "sentence" in each case that relator be imprisoned in the penitentiary for not less than two nor more than four years. There is no merit in a complaint that the sentence recites a minimum and a maximum term of imprisonment. In no other

way could effect be given to the "Indeterminate Sentence Law" which requires that the sentence recite the minimum fixed by statute and the maximum as fixed by the jury or court. See Art. 775, Vernon's Ann. C. C. P., as amended by 42nd Legislature, p. 349.

It appearing from the face of relator's petition that same is without merit, the writ of habeas corpus is refused.